FILED
04/08/2024
Terry Halpin
CLERK
Yellowstone County District Court
STATE OF MONTANA
By: Katrina Plain Bull
DV-56-2024-0000399-WS
Harada, Ashley
1.00

Michele Braukmann
MERIDIAN LAW, PLLC
100 N. 27th Street, Suite 320
Billings, MT  59101
Ph:  406.578.8855
Cell:  406.671.3963
michele@meridianlawmt.com

*Attorneys for Plaintiff*

# MONTANA THIRTEENTH JUDICIAL DISTRICT COURT

# YELLOWSTONE COUNTY

| | |
|---|---|
| CODY PEASE,<br><br>                    Plaintiff,<br><br>-- vs --<br><br>LOWE'S COMPANIES, INC.,<br><br>                    Defendant. | Cause No. DV-56-2024-0000399-WS<br><br>Judge Ashley Harada<br><br>**COMPLAINT AND JURY DEMAND** |

COMES NOW, Cody Pease (hereinafter "Pease" or "Plaintiff"), by and through Counsel of Record, Michele L. Braukmann, of Meridian Law, PLLC, and hereby asserts and alleges that he has been the subject of unlawful employment actions by his former employer Lowe's Companies, Inc. (hereinafter "Lowe's" or "Defendant"), including wrongful termination and discrimination in violation of the Montana Human Rights Act (hereinafter "the MHRA") and the Americans with Disabilities Act (hereinafter "the ADA").

In support of this Complaint, Pease alleges as follows:

**PARTIES**

1. Pease is a former employee with Lowe's, which conducts business and employs employees, including Pease, in Yellowstone County, Montana.

2. At all times relevant to this Complaint, Pease has been suffering from a life-threatening illness, namely leukemia. Pease is within a protected class (disability) within the meaning and intent of the Montana Human Rights Act (hereinafter "the MHRA") and the Americans with Disabilities Act (hereinafter "the ADA").

3. Upon information and belief, Defendant is a foreign for-profit corporation incorporated in the State of Montana. Lowe's conducts business throughout the State of Montana, and it employed employees in the State of Montana, including Pease, during the course of his employment. Therefore, Lowe's is subject to all requirements of the Wrongful Discharge from Employment Act ("the WDEA") and applicable state law related to wrongful discharge, as well as the MHRA and the ADA.

**JURISDICTION AND VENUE**

4. Pease hereby incorporates the previous paragraphs, as if fully set forth herein.

5. Jurisdiction is proper in Yellowstone County, Montana, as the parties are located in and/or conducted business in Yellowstone County and employed employees in Yellowstone County, and the acts and omissions applicable to this lawsuit occurred in Yellowstone County, Montana.

6. Venue is proper in Yellowstone County, Montana, as the parties are located in and/or conducted business and employed employees in Yellowstone County, and the acts and omissions applicable to this lawsuit occurred in Yellowstone County, Montana.

**FACTS SUPPORTING ALL CAUSES OF ACTION**

7. Pease hereby incorporates the previous paragraphs, as if fully set forth herein.

8. Pease began his employment with Lowe's in 2015. Pease was employed with Lowe's until January 29, 2023, when he was terminated from his employment by Lowe's, purportedly for excessive absences.

9. Pease was employed as an Assistant General Manager at the time of his termination from employment.

10. Prior to his termination from employment, Pease was forced, as a result of complications from his leukemia, to take three months of medical leave.

11. In early January 2023, Pease returned to work, after being cleared by his medical care provider, to work limited hours on an intermittent basis.

12. Just two weeks after returning from medical leave, Lowe's terminated Pease from his employment, purportedly due to excessive absences.

13. At the time of his wrongful discharge, Pease was disabled, suffering from a life-threatening illness. As such, Pease is considered within the protected class of disabled employees, under the Montana Human Rights Act and the ADA.

14. Pease performed his job duties in his supervisory position, prior to his wrongful discharge, successfully for Lowe's for many years.

15. Pease was terminated from his employment as a result of an attempt by Lowe's to discriminate against him as a disabled employee and without good cause, under the Montana Wrongful Discharge from Employment Act. Lowe's ignored its lawful duties in relationship to the extent, scope, and responsibilities of the human and civil rights issues involved in employing a disabled employee.

16. Pease now brings this claim, under the aforementioned causes of action below, seeking redress against Lowe's for its unlawful and malicious actions.

## CAUSES OF ACTION

### Discrimination in Violation of the Montana Human Rights Act

17. Pease hereby incorporates the previous paragraphs, as if fully set forth herein.

18. The Montana Human Rights Act, Title 49 of Mont. Code Ann. et seq. (hereinafter "the MHRA"), prohibits employers from discriminating against qualified individuals based upon their disabled status. It states, in relevant part: "49-1-102. Freedom from discrimination. (1) The right to be free from discrimination because of race, creed, religion, color, sex, physical or mental disability, disability, or national origin is recognized as and declared to be a civil right. This right must include but not be limited to: (a) the right to obtain and hold employment without discrimination …".

19. Lowe's is a covered employer to which the MHRA applies.

20. Lowe's terminated Pease's employment because of his disability.

21. By taking adverse employment action against Pease, Lowe's has denied Pease the opportunity of employment, discriminated against him because of his disability, and required and endorsed discrimination against disabled workers, all in violation of the MHRA.

22. As a result of Lowes's actions, Pease has suffered and will continue to suffer both economic and non-economic harm.

23. Lowes's actions were not only illegal, but they were blatantly malicious.

### Discrimination in Violation of the ADA

24. Pease hereby incorporates the previous paragraphs, as if fully set forth herein.

25. The Americans with Disabilities Act protects employees suffering from disabilities. As previously alleged herein, Pease is an individual protected under the ADA, as he suffers from a life-threatening illness, namely leukemia.

26. As previously alleged herein, prior to his wrongful discharge, Pease was on medical leave related to his disability. Lowe's clearly knew that Pease is a disabled person.

27. Lowe's is a covered employee to which the ADA applies.

28. Lowe's terminated Pease because of his disability.

29. As previously alleged, Lowe's acted unlawfully in discriminating against Pease, as a result of his disability.

30. By taking adverse employment action against Pease, Lowe's has denied Pease the opportunity of employment, discriminated against him because of his disability, and required and endorsed discrimination against disabled workers, all in violation of the ADA.

31. As a result of Lowes's actions, Pease has suffered and will continue to suffer both economic and non-economic harm.

32. Lowes's actions were not only illegal, but they were blatantly malicious.

**Montana Wrongful Discharge from Employment Act**

33. Pease hereby incorporates the previous paragraphs, as if fully set forth herein.

34. Montana's Wrongful Discharge from Employment Act ("the WDEA") prohibits discharge of an employee from their employment without "good cause." Mont. Code Ann. § 39-2-903 defines "good cause" as follows: "(5) "Good cause" means reasonable job-related grounds for dismissal based on a failure to satisfactorily perform job duties, disruption of the employer's operation, or other legitimate business reason."

35. The WDEA also provides as follows:

> 39-2-905. Remedies. (1) If an employer has committed a wrongful discharge, the employee may be awarded lost wages and fringe benefits for a period not to exceed 4 years from the date of discharge, together with interest on the lost wages and fringe benefits. Interim earnings, including amounts the employee could have earned with reasonable diligence, must be deducted from the

amount awarded for lost wages. Before interim earnings are deducted from lost wages, there must be deducted from the interim earnings any reasonable amounts expended by the employee in searching for, obtaining, or relocating to new employment.

(2) The employee may recover punitive damages otherwise allowed by law if it is established by clear and convincing evidence that the employer engaged in actual fraud or actual malice in the discharge of the employee in violation of 39-2-904(1)(a).

36. Pease was discharged from his employment without "good cause."

37. Defendant did not have good cause to terminate Pease's employment. Lowes's reasons for termination of Pease's employment do not constitute good cause, under Montana law.

38. Pease's termination of employment by Defendant is a violation of the WDEA.

39. Upon information and belief, Lowe's failed to follow their own written policies and procedures regarding performance management for employees, when it made the decision to terminate Pease.

40. Pease is entitled to relief in this action, including back pay, back benefits, front pay, front benefits, lost wages, fringe benefits (both back and front), legally-allowable interest, and other consequential and compensatory damages allowed by law.

## REQUEST FOR RELIEF

WHEREFORE, Pease respectfully requests that this Court enter Judgment in favor of Plaintiff and against Defendant and award the following relief:

1. Lost wages and benefits, in an amount to be determined at trial, including both back and front pay;

2. Any other applicable compensatory and consequential damages;

3. Emotional distress damages;

4. Punitive damages against Defendant;

5. Pre-judgment and post-judgment interest at the highest lawful rate;

6.  Attorneys' fees and costs of this action; and

7.  Any such further relief as is deemed appropriate.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

DATED this 8th day of April, 2024.

        MERIDIAN LAW, PLLC

By: *Michele L B* (signature)

MICHELE L. BRAUKMANN
100 N. 27th Street, Suite 320
Billings, MT  59101
Office:  406.578.8855
Cell:  406.671.3963
Email:  michele@meridianlawmt.com

*Attorneys for Plaintiff*